**\*\*E-filed 09/07/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ECOLOGICAL RIGHTS FOUNDATION,

       Plaintiff,

  v.

PACIFIC GAS AND ELECTRIC COMPANY

       Defendant.
_____/

No. C 10-0121 RS

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE; ODDER CONTINUING MOTION TO DISMISS; ORDER TO MEET AND CONFER RE CASE MANAGEMENT**

Plaintiff filed this action on January 11, 2010, alleging that defendant Pacific Gas and Electric Company violates the Clean Water Act ("CWA") at thirty specifically identified facilities located throughout Northern California. In March of 2010, PG&E moved to dismiss the complaint. Before that motion was heard, the parties entered into a stipulation, subsequently approved by the Court, providing that: (1) plaintiff was permitted to file a First Amended Complaint; (2) plaintiff intended to file a Second Amended Complaint upon expiration of a notice period mandated by the CWA and the Resource Recovery and Conservation Act ("RCRA"), and; (3) PG&E would not be obligated to file a responsive pleading until after the Second Amended Complaint was served. In view of that stipulation, the motion to dismiss was denied as moot, without prejudice.

In May of 2010, the Court approved a further stipulation that: (1) allowed plaintiff to file its Second Amended Complaint expanding on and adding to its claims, and; (2) relieved PG&E of any obligation to respond until after plaintiff filed a Third Amended Complaint, at the expiration of another waiting period under the CWA and RCRA. In June of 2010, plaintiff brought a motion to compel PG&E to participate in a conference under Rule 26(f) of the Federal Rules of Civil Procedure to develop a discovery plan, and a separate motion for sanctions. In granting the motion to compel, the Court observed that PGE's position that such conferences are generally held in conjunction with preparing for an initial Case Management Conference comports with ordinary practice, but concluded that doing so in this instance would cause undue delay given when that conference was scheduled to be held. The motion for sanctions was denied.

Although the notice period required before plaintiff could file its Third Amended Complaint expired in July of 2010, plaintiff took no action to have it filed. Instead, in August of 2008, plaintiff filed a motion for partial summary judgment. On August 4, 2010, an order issued denying that motion without prejudice, on grounds that it was premature under the circumstances. The following day, plaintiff submitted a stipulation to permit it to file its Third Amended Complaint, and a renewed motion for partial summary judgment. The stipulation was approved on August 23, 2010, and the Third Amended Complaint was filed that same day. The Third Amended Complaint adds one additional facility to those at which plaintiff contends PG&E is violating environmental laws.

PG&E has not filed a substantive opposition to plaintiff's summary judgment motion. Instead, PG&E objects that the motion is premature as a procedural and a practical matter, particularly given that it was not even yet obligated to respond to the Third Amended Complaint, and that it has had no opportunity to test the legal sufficiency of the allegations through a motion to dismiss. PG&E also specifically seeks relief under Rule 56(f) of the Federal Rules of Civil Procedure, contending that it needs to take discovery to respond to the motion, particularly with respect to rebutting evidence plaintiff has submitted of testing performed by its consultant, and with respect to potential challenges to plaintiff's standing to bring this action. PG&E has also filed a motion for a protective order, set for hearing three weeks after the summary judgment motion, in which it requests that plaintiff's right to take discovery be limited and that a staging order be

imposed such that the parties initially focus on the same facilities that are the subject of the summary judgment motion. Finally, PG&E has also filed a motion to dismiss the Third Amended Complaint, set for hearing on the same date as its motion for a protective order. Pursuant to Civil Local Rule 7-1(b), these matters are suitable for disposition without oral argument.

The motion for summary judgment and the motion for a protective order are both denied without prejudice. PG&E's motion to dismiss is hereby continued to December 2, 2010, subject to further rescheduling upon conclusion of the parties' meet and confer negotiations that are to be held pursuant to this order.

The record reflects that the parties have engaged in extensive efforts to meet and confer regarding a discovery plan and other case management issues, but that despite the apparent good faith of both parties, those negotiations have become bogged down in disputes over what is or is not technically permissible under the rules and cross-accusations of inappropriate procedural posturing and gamesmanship. For its part, plaintiff has insisted that discovery should have been proceeding apace and that there is no reason that its summary judgment motion should not be heard forthwith, despite the fact that it was filed even before any responsive pleadings were due. As reflected in the order issued on July 9, 2010, the circumstances of this case warranted proceeding with a Rule 26(f) conference, but PG&E's expectation that such a conference would not occur until closer in time to the initial Case Management Conference comported with usual practice and was not unreasonable. While plaintiff is also correct that the rules *permit* summary judgment motions to be brought and heard even in advance of responsive pleadings being filed,[1] it does not necessarily follow that the issues are always ripe for summary judgment at such an early stage. In general, it appears that plaintiff has attempted to push this litigation forward without due regard for consequences of its own litigation choices in filing a series of amended complaints.

---

[1] Rule 56(c)(1)(B) provides, however, that a party need not oppose such a motion until 21 days after its responsive pleadings are due. While the interplay between this provision and the briefing requirements of the Civil Local Rules is unclear, there is a good argument that PG&E's time to oppose the motion may not yet have run. In view of the disposition in this order, the precise due date need not be determined. Suffice it to say that even though plaintiff is correct that a motion for summary judgment may be *filed* "at any time," the rules contemplate that a party will have the opportunity to file responsive pleadings before responding to such a motion.

PG&E, in turn, appears to have proceeded from its own sense that certain steps in litigation ordinarily unfold in a certain sequence, without giving sufficient consideration to whether the circumstances of this case—or in some instances the language of the rules—call for, or at least permit, a more flexible approach. As a result, the parties have not found as much common ground as likely exists to permit this case to go forward in an efficient fashion that minimizes the burdens and expenses to both parties, without compromising their respective rights and interests.

Accordingly, no later than September 13, 2010, the parties shall schedule a further conference to be held no later than September 30, 2010, to discuss all of the following:

(1) Do any or all of the issues raised in PG&E's motion to dismiss present legal issues that could most efficiently be resolved—one way or the other—prior to addressing plaintiff's summary judgment motion? PG&E should bear in mind that it would have the right to argue that plaintiff has failed to state a claim in its opposition on the merits to summary judgment. Conversely, plaintiff should recognize that summary judgment proceedings are not necessarily the most appropriate vehicle for testing the viability of some types of legal claims and defenses.

(2) Regardless of when the arguments raised in the motion to dismiss may be adjudicated, what is the earliest practicable time to reach the merits of plaintiff's summary judgment motion? PG&E appears to have legitimate grounds for pursuing at least some discovery before being required to respond on the merits. As one example, plaintiff's motion rests in part on evidence collected by its consultant regarding pollutants, and the levels thereof, allegedly present in rainwater runoff from the facilities in issue. While the presence of such pollutants may not ultimately present an issue of disputed fact, PG&E is not required simply to concede the validity of plaintiff's testing.[2]

(3) To what extent can or should discovery and/or motion practice in this litigation be staged, with an initial focus on some subset of the facilities at issue? By moving for summary judgment as to two facilities, plaintiff implicitly recognizes that a staged approach may lead to efficiencies. PG&E similarly has proposed some form of staging in its motion for a protective

---

[2] Plaintiff's argument that PG&E is not entitled to a continuance to conduct discovery because it has not been "diligent" is unpersuasive. Although this action may have been pending since January of this year, discovery has only been open for a relatively short period.

4

order. At this juncture, the Court is not in a position to determine how or if staging should take place, absent further discussion between the parties. To the extent there are any factual or legal issues that could be resolved in connection with a subset of the facilities that would then lead to more efficient resolution of any facility-specific issues that might remain, that is to be encouraged.

At the parties' conference, they should focus on reaching agreements, or at least narrowing their disagreements, on a going-forward basis, without attempting to assign responsibility for any breakdowns in the process that may have occurred in the past. No later than October 13, 2010, the parties shall file a joint Case Management Conference Statement setting out a proposed schedule for completing the briefing and hearing plaintiff's summary judgment motion and PG&E's motion to dismiss, and, should it still be necessary, PG&E's motion for a protective order. The statement should also recite any stipulations the parties have reached regarding staging discovery or any other proceedings in this matter. To the extent the parties have been unable to reach agreement, the statement may set out their respective proposals. The statement should also include all of the other information required by the Court's standing order on Case Management Conference Statements. The Case Management Conference is hereby advanced to October 21, 2010, **at 11:00 a.m.**, and no requests for telephonic appearances will be entertained. PG&E's motion for leave to file a sur-reply in opposition to the motion for summary judgment is denied as moot.

IT IS SO ORDERED.

Dated: September 7, 2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE