UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ECOLOGICAL RIGHTS )
FOUNDATION, )
                           ) No. C10-0121 RS (BZ)
     Plaintiff(s), )
                           )
  v.                       ) **ORDER GRANTING IN PART AND**
                           ) **DENYING IN PART PLAINTIFF'S**
PACIFIC GAS AND ELECTRIC, ) **MOTION TO COMPEL**
                            )
     Defendant(s). )

**IT IS ORDERED** that plaintiff's motion to compel inspections of defendant's facilities (Docket No. 94) is **GRANTED IN PART AND DENIED IN PART** as follows:[1]

    1. This Court is not persuaded by defendant's argument that it is entitled to the benefit of concessions plaintiff was willing to make during meet and confer discussions regarding the inspections. A final agreement between the parties was never reached, and defendant cannot pick and choose conditions that plaintiff was willing to accept in

---

[1] The Court finds no need for further argument, having held one telephone conference on these issues.

order to facilitate timely inspections.

2. Plaintiff may conduct site inspections at the following four facilities:

    a. 24300 Clawiter Road, Hayward, California
    b. 4801 Oakport Street, Oakland, California
    c. 2555 Myrtle Avenue, Eureka, California
    d. 1099 West 14th Street, Eureka, California

Plaintiff's motion to compel provides defendants with sufficient notice of these inspections under FRCP 34. Defendant's contention that plaintiff must inspect the other facilities that were previously discussed between the two parties is not well taken; there seems no reason to require plaintiff to conduct inspections it does not want to conduct.

3. Plaintiff shall conduct all site inspections during the normal business hours of the facility being inspected. If plaintiff's site inspection continues after the conclusion of the facility's normal business hours, defendant may recover from plaintiff any reasonable costs that defendant directly incurred from having to operate its facilities after-hours to complete the inspection. Unless the parties agree otherwise, all inspections shall be concluded by 7:00 p.m. While on PG&E property, plaintiff's representatives shall abide by the same reasonable rules and procedures that PG&E applies to inspectors from governmental regulatory agencies.

4. Plaintiff shall only inspect one facility at a time. Plaintiff may inspect two facilities per day if they are both located in the San Francisco Bay Area or in Eureka.

5. Plaintiff shall provide defendant with 48 hours

1  written or electronic notice before any site inspection.  To
2  conduct a site inspection on a Monday, plaintiff shall provide
3  defendant with notice by noon of the preceding Friday.

4  6.  Before commencing any site inspection, all of
5  plaintiff's representatives that will participate in the
6  inspection shall sign the waiver filed by plaintiff (Docket
7  No. 100-2).  While neither plaintiff's nor defendant's
8  proposed waivers is ideal, plaintiff's waiver is more
9  appropriate.

10  7.  During the site inspections, plaintiff is permitted
11  to obtain samples of storm water as well as soil and sediment.
12  Soil and sediment samples shall be limited to no more than
13  three inches below any unpaved surface.  While plaintiff did
14  not specifically request to take soil and sediment samples at
15  the case management conference before Judge Seeborg (see
16  Transcript; Doc. 89 at 43), this request is in line with the
17  intent of permitting inspections before California's rainy
18  season concludes.  Under a similar rationale, plaintiff is
19  permitted to conduct reasonable dye tracing studies during the
20  site inspections.[2]

21  8.  For all samples taken by plaintiff, plaintiff shall
22  provide a split sample to defendant.  If plaintiff cannot
23  provide a split sample due to limited availability, plaintiff
24  shall preserve its sample and make it available to defendant

---

[2] Contrary to defendant's argument, soil and sediment samples may be affected by storm water run off.  Moreover, defendant fails to explain why plaintiff taking soil and sediment samples or conducting dye tracing studies during the site inspections would be unduly burdensome to the defendant.

3

1 | upon request.  Defendant is free to collect its own samples.
2 | 9.  Plaintiff's inspection shall not include any review
3 | of documents or computers at the facility.  Additionally,
4 | plaintiff shall not seek to interview or question any of
5 | defendant's employees, except regarding exigent operational
6 | and safety issues.
7 | 10.  Plaintiff shall provide to defendant unaltered
8 | copies of any photographs or video it takes during the
9 | inspections.
10 | 11.  The parties shall conduct the above inspections in
11 | good faith.  This Court admonishes the parties that they are
12 | required to abide by FRCP 1 and the rules of discovery at all
13 | times.
14 | 12.  Defendant's request for sanctions is **DENIED**.[3]
15 | Dated: January 13, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\ECOLOGICAL RIGHTS V. PG&E\ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL.wpd

---

[3] This request is also improper because it does not comply with Local Rules 7-8(a) and 37-3 which require motions for sanctions to be filed separately and the expenses requested to be itemized.

4