**\*\*E-filed 8/25/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, | No. C 10-0121 RS |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOURTH AMENDED COMPLAINT** |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY | |
| Defendant. | |

Plaintiff Ecological Rights Foundation ("ERF") brought this action alleging that defendant Pacific Gas and Electric Company ("PG&E") fails to comply with certain provisions of the Clean Water Act and of the Resource Conservation and Recovery Act ("RCRA") in connection with its operation of 31 "corporation yards and service centers" in Northern California. PG&E's motion to dismiss the Clean Water Act claims of the Third Amended complaint was denied. ERF's claim under RCRA, however, was dismissed with leave to amend, on grounds that the complaint contained virtually no factual allegations to support the claim, and therefore ran afoul of the rule that "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

ERF's Fourth Amended Complaint attempts to address the prior deficiencies of the RCRA claim by copying—nearly verbatim—large portions of text from a "notice of intent to sue" letter that it provided to PG&E prior to first asserting a RCRA claim in this action. ERF had attached a copy of that letter to its prior complaint, and argued that it should be considered in evaluating the sufficiency of the pleading. The order of dismissal rejected that suggestion, observing that treating the contents of the letter as allegations of the complaint would impede meaningful analysis of the adequacy of the factual averments. The fact that the notice letter was not drafted to be a pleading in compliance with Rule 8 of the Federal Rules of Civil Procedure presented numerous problems with attempting to treat it as one, including the liberal interspersion of argument among the factual assertions.

Unfortunately, by simply copying large portions of the text from the notice letter into the body of the complaint, ERF has done little to eliminate the difficulties. Indeed, by simultaneously attempting to *expand* the claims in certain respects beyond what was expressly addressed in the notice letter, ERF has only exacerbated the issues that the prior order sought to minimize by requiring an amended complaint to be filed. In its opposition to the present motion to dismiss, ERF effectively concedes that the approach it took in amending the RCRA claim has resulted in an unacceptable pleading.

ERF proposes that the remedy should be for the Court *sua sponte* to strike those portions of the pleading that are objectionable, including certain aspects of the claim that ERF acknowledges go beyond what it is entitled to pursue in this action, given the more limited scope of the notice letter. ERF envisions thereafter proceeding to litigate the RCRA claim with the ruling on the motion to dismiss serving as a "clarification" of what the status of the pleadings is and "what allegations are properly before the Court."

PG&E argues that dismissal of the RCRA claim in whole is warranted, but that at a minimum, ERF should be required once again to replead the potentially viable portions of the claim in a manner that fully complies with Rule 8. PG&E is understandably concerned that it will be unable to frame an appropriate response to the pleading in its current form, even with the benefit of a court ruling that addresses which allegations are viable and which are not.

As reluctant as the Court is to take on a role that is in some respects more that of an editor than an adjudicator, at this stage in the litigation it would not be in the interests of justice to engage in an additional round of pleading and the further motion practice that potentially would follow. Accordingly, this order will specify that portion of the RCRA claim that will be permitted to go forward, and will deny the motion to dismiss to that extent. The motion will otherwise be granted as to the balance of the RCRA claim, without leave to amend.[1]

1. *The source of the alleged waste—utility poles treated with pentachlorophenal*

The notice letter charged PG&E with having violated RCRA through its handling and storage of utility poles that have been treated with pentachlorophenal. The Fourth Amended Complaint, however, also asserts RCRA violations arising from PG&E's storage of, "spools of wire, vehicles, motor oil, fuel, hydraulic fluid, transformers, stacks of gas pipe, gas meters, insulators, aggregates, sand, gravel, asphalt, and contaminated soil"—defined in the complaint as "the Materials." ERF's opposition to the motion to dismiss expressly concedes that its notice letter "did not sufficiently identify these additional materials as sources of [a] RCRA violation," and it acknowledges it cannot pursue a RCRA claim related to them at this juncture. Whether properly characterized as striking of these allegations, or as granting the motion to dismiss in part, this portion of the RCRA claim will not be permitted to go forward.

Similarly the complaint goes beyond the notice letter to challenge PG&E's storage and handling of utility poles treated with creosote, chemonite, or copper chromated arsenate, rather than with pentachlorophenal. Although ERF has not expressly conceded that poles treated with these other substances are outside the scope of the notice letter, this portion of the RCRA claim likewise

---

[1] PG&E's motion also seeks dismissal of the Clean Water Act claim, on the same grounds as it asserted in the prior motion to dismiss. ERF takes PG&E to task for raising again issues that were decided by the prior order, even though PG&E clearly stated it was doing so only to preserve its appellate rights, and despite the fact that PG&E did not burden the Court or ERF by repeating its arguments. It was entirely appropriate for PG&E to include a challenge to the Clean Water Act claim in its present motion, particularly in the manner that it did. That aspect of its motion, however, is denied for the same reasons as set forth in the prior order.

fails. The motion to dismiss is therefore granted except to the extent that the claim arises from PG&E's storage and handling of utility poles treated with pentachlorophenal.

### 2. *Mechanisms of dispersal*

The notice letter charges PG&E with permitting hazardous wastes related to the poles to be dispersed into the environment through (1) storm water, and (2) vehicles (i.e., tracked by tires). The complaint attempts to expand the methods of dispersal in issue to include airborne particles and tracking on workers' shoes. Because PG&E would have to address any such dispersion through different remedial efforts, the failure of the notice letter to raise the additional dispersal mechanism precludes ERF from pursuing such claims in this action, and they are also dismissed.

### 3. *Specific facilities*

ERF seeks to pursue its RCRA claim with respect to any and all of the 31 sites identified in its complaint where pentachlorophenal-treated utility poles have in fact been stored, despite only being able to allege actual knowledge of pole storage at a subset of those sites. PG&E seeks to limit the claim to the subset of sites as to which ERF has specifically alleged pole storage took place. PG&E argues that this complaint effectively should be seen as 31 separate lawsuits, and that it should not be subjected to the burdens and expenses of discovery and defense of RCRA claims as to those sites where ERF is only guessing there could be a basis for a claim.

Were the 31 sites separately-owned, each owner might very well have a legitimate argument that a plaintiff's speculation as to the possible presence of poles on the site would not be sufficient to state a claim. In these circumstances, though, where there is no dispute that PG&E stores poles on at least some of the sites, there is no more reason to require plaintiff to allege storage on each site specifically than there would to demand a plaintiff to identify the particular area in which poles are stored on a single site. Additionally, PG&E's characterization of the burden to it appears overstated. PG&E should be able to provide in discovery a list of the specific sites where poles have been stored during the relevant time period. While ERF would be allowed a reasonable opportunity in discovery to test the accuracy of that list, there would be no grounds for it to conduct

1  the full range of RCRA-related discovery for any site not appearing on that list.  Accordingly, to the
2  extent PG&E's motion seeks to limit the RCRA claim to a subset of the 31 sites at the pleading
3  stage, it is denied.

### 4. *Plausibility*

Even with the scope of the RCRA claim limited to what the notice letter addressed, PG&E contends the complaint fails to state a plausible claim for relief.  PG&E argues that ERF's allegations supporting the existence of any imminent and substantial endangerment to human health or the environment are too conclusory and not worthy of credence, given that the pentachlorophenal is highly regulated, but ultimately legal to use in the manner employed by PG&E.  While PG&E accuses ERF of having simply "made up" its allegations in response to the prior order's demand for more detail, those averments cannot simply be ignored.  Even assuming PG&E is correct that ERF lacks actual evidence supporting its claims, the adequacy of its pre-suit investigation is not at issue in a motion to dismiss, only the sufficiency of its allegations.  Additionally, the fact that ERF cannot identify a violation of any *other* environmental or safety regulations pertaining to the use and handling of pentachlorophenal and pentachlorophenal-treated poles is not dispositive as to whether the handling and manipulation of the poles in the manners described in the complaint may result in the discharge of solid wastes in violation of RCRA.  Accordingly, there is not a basis to dismiss the entirety of the RCRA claim at the pleading stage, and it will be permitted to go forward as limited above.

### *5. PG&E's obligation to respond*

A defendant's obligations in responding to a complaint are generally governed by Rule 8(b) of the Federal Rules of Civil Procedure.  Because of the requirement to plead in good faith, and the provision in Rule 8(b)(6) that a failure to deny any allegation will be deemed an admission, crafting a careful and conscientious response to a complaint can be a demanding task.  Where a complaint includes argument and/or extraneous facts, it is sometimes particularly difficult to find the balance between a defendant's legitimate interest in admitting no more than absolutely necessary, and fairly

and truthfully responding to the substance of the claims. Here, PG&E remains obligated to make a good faith effort to admit or deny each material allegation of the RCRA claim in light of the rulings above. PG&E need not, however, take a position as to the accuracy, truth, or relevance of any allegations that either (1) clearly relate only to portions of the claim that have been foreclosed by this order, (2) constitute argument as opposed to assertions of fact, or (3) describe or discuss purported general scientific evidence related to the effects of particular chemicals. If upon receipt of PG&E's answer, EFR in good faith believes PG&E has failed to respond fairly to the substance of any allegation directly relating to the alleged acts or omissions of PG&E, the parties shall meet and confer to reach agreement regarding PG&E providing an amended answer to address any such concern. While this order does not supersede the provisions of Rule 6(d), no failure by PG&E to respond directly to any particular assertion in the complaint relating to the RCRA claim will be deemed an admission, absent a clear and deliberate intent by PG&E to avoid responding to a material allegation of fact.

6. *Conclusion*

The motion to dismiss is denied as to the Clean Water Act Claim. As to the RCRA claim, the motion is denied to the limited extent set forth above and is otherwise granted without leave to amend. PG&E shall file its answer within 20 days of the date of this order. The parties shall appear for a further Case Management Conference on October 6, 2011 at 10:00 a.m., with a joint Case Management Conference Statement to be submitted one week in advance.

IT IS SO ORDERED.

Dated: 8/25/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE