IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION,<br><br>　　　　Plaintiff,<br>　v.<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY<br><br>　　　　Defendant.<br>_____/ | No. C 10-0121 RS<br><br>**ORDER RE PAGE LIMITS AND<br>BRIEFING PROCEDURE FOR<br>SUMMARY JUDGMENT MOTIONS** |

> Be brief, be pointed . . . .
> Spend not your words on trifles,
> but condense . . . .
> Press to the close with vigor, once begun;
> And leave — how hard the task! —leave off when done.
>
> 　　　　—Justice Joseph Story

　　The parties have submitted a stipulation to extend the page limits applicable to their pending cross-motions for summary judgment on the Clean Water Act claims in this action. The applicable provisions of Civil Local Rules are not intended to present an arbitrary challenge for counsel, or merely to limit the total number of pages of briefing that the Court must digest.  Where the

complexity and/or scope of legal and factual issues implicated by a particular motion so warrants, relief from those limits is available. Without the constraints of page limits, however, there is a strong tendency for briefing to become unfocused, repetitive, and ultimately less effective. Complying with page limits requires more careful selection of arguments and facts to be presented, attention to editing, and it generally results in a work product that serves the clients' interests in presenting their case in the best light possible. Less is often more.

Cross-motions for summary judgment can be an efficient tool for resolving or narrowing the issues in appropriate cases. They present a particular risk of unnecessarily repetitive briefing, however, because many of the arguments in support of one side's motion mirror its arguments presented in opposition to the cross-motion. Additionally, when the two sides file their opening papers simultaneously, the resulting total of six briefs automatically doubles the default page limits of the rules. For that reason, it is almost never appropriate for cross-motions to be filed simultaneously. The better practice is for one side's motion to be followed by the other side's combined opposition and cross-motion, such that a total of only four briefs are filed, including the replies. Where parties utilize that procedure, extensions of the page limits are routinely granted for the second and third briefs in the series, in recognition that they serve dual purposes.

Here, a stipulated order was previously entered that did not expressly require the parties to utilize the four-brief approach, and they have already filed their opening briefs separately and simultaneously. Accordingly, they will be permitted to proceed with separate oppositions (each due on September 13, 2012) and separate replies (each due on October 4, 2012). Additionally, although the parties should have obtained a court order addressing the page length limitations prior to filing their opening briefs, their opening briefs will be accepted as filed, oppositions shall not exceed 30 pages each, and replies shall not exceed 20 pages each. The parties are reminded that those are maximums, not minimums. They are directed to pay particular attention to avoiding repetition that obfuscates rather than clarifies, and to eliminating presentation of immaterial facts or arguments.

The parties' present stipulation also contemplates that they may file "evidentiary motions" in connection with their cross-summary judgment motions, which would include up to 130 additional pages of briefing. Such separate evidentiary "motions" are not permitted under the Civil Local

Rules, and will not be allowed here. Any evidentiary and procedural objections must be contained within the opposition briefs, or the reply briefs, whichever may be applicable. *See* Rule 7-3(a) and (c).

This case presents sufficiently complex facts and legal issues to support some departure from ordinary motion procedures and briefing limitations. The parties have already been permitted to carve up the legal issues and to bring a series of summary judgment motions, which is not only contrary to the usual preferred procedures, but also provides them with substantially more briefing, even without extension of the standard limits for each motion. Additionally, as noted, cross-motions generally involve many mirrored arguments. Accordingly, the extensions to the page limits provided by this order should be more than adequate, notwithstanding the requirement to incorporate any evidentiary objections into the briefing.

Prior to proceeding with the next round of summary judgment motions (regarding plaintiff's claim under the Resource Conservation and Recovery Act ("RCRA")), the parties shall submit a stipulation and proposed order that modifies the prior scheduling order (Dkt. No. 190) by providing for a four-brief schedule for those motions and eliminating any reference to related "evidentiary motions." Absent a showing of good cause for different limitations, the following page limits shall apply to the cross-motions for summary judgment on the RCRA claim:  Opening brief, 25 pages; Combined Opposition and Cross-Motion, 40 pages; Combined Reply and Opposition to Cross-Motion, 30 pages; Reply in support of Cross-Motion, 15 pages.

IT IS SO ORDERED.

Dated:  8/30/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

3